**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
21243 Ventura Blvd. #141
Woodland Hills, CA 91364
Telephone #: (818)805-3161
Fax #: (818)805-3163
erisa@erisarights.com
Attorneys for **Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA SLIWOSKI | NO. 14-cv-7942 |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN |
| vs. | |
| SEDGWICK CMS, a corporation; SOUTHERN CALIFORNIA EDISON COMPANY, a corporation; SOUTHERN CALIFORNIA EDISON COMPANY LONG TERM DISABILITY PLAN, an ERISA plan; DOES 1 through10, inclusive | |
| Defendants. | |

COMES NOW THE PLAINTIFF, Cassandra Sliwoski, and for cause of action against all defendants, alleges as follows:

1. JURISDICTION.  This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

2. Plaintiff is and was at all times herein mentioned, a resident of the County of Ventura, State of California.

3. Plaintiff is informed and believes, and based upon such information and belief alleges, that defendant Southern California Edison Company Long Term Disability Plan (hereafter "Plan") is an ERISA plan formed by Southern California Edison (hereafter "Edison") under which plaintiff is entitled to benefits. Defendant Sedgwick CMS (hereafter "Sedgwick") is the claims administrator. At all times herein mentioned, plaintiff was entitled to long term disability benefits, and other benefits under the Plan. Said benefits were to be given to plaintiff should she become disabled.

4. Plaintiff is informed and believes, and based upon such information and belief alleges that Edison is a corporation pursuant to the laws of one or more of The United States and was, at all times relevant hereto, the company obligated to provide the benefits that the Plaintiff herein seeks.

5. Plaintiff is informed and believes, and based upon such information and belief alleges that Sedgwick is a corporation pursuant to the laws of one or more of The United States and was hired by Edison to administer Plaintiff's claim.

6. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names. Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

7. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

8. Plaintiff was employed as a Claims Representative 2 by Edison until she became disabled on or about November 14, 2014. As an employee of Edison, she was eligible for the protection of the Plan. When she became disabled, she became eligible for the disability benefits of the Plan and to other benefits. Defendants have

arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

9. Plaintiff's long-term disability claim was initially approved and long-term disability benefits were paid until November 30, 2015 at which point Sedgwick terminated them. Plaintiff timely appealed the denial of her disability benefits, and on June 27, 2016 Sedgwick denied her final appeal.

10. On July 5, 2016 Edison notified Plaintiff that it had eliminated her Claims Representative 2 position and that if she had not secured a new job at Edison within 90 days then her employment would be terminated.

11. Plaintiff has been denied the benefits which are due her under the Plan and has suffered and is continuing to suffer economic loss as a result thereof from November 30, 2015. Plaintiff is entitled to an award of interest on all money that should have been paid to her.

12. Plaintiff has been required to hire attorneys to represent her in this matter and to recover benefits due her under the Plan. Plaintiff has and will incur attorney fees. The exact amount is unknown to plaintiff and she seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

13. A controversy now exists between the parties as to whether Plaintiff is disabled under the terms of the Plan. Plaintiff seeks a declaration by this Court that she meets the Plan definition of disability and is entitled to continued disability benefits from Defendants. Plaintiff further seeks a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date her benefits were denied.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1. For all benefits due her in the past and future under the plan plus interest;

2. For a declaration by this Court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date her LTD benefits were terminated.

3. For reasonable attorney fees;

4. For costs of suit; and

5. For such other and further relief as this court may deem just and proper.

DATED: August 15, 2016

/s/Paul Fleishman

PAUL FLEISHMAN

Complaint